IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 13-33114-H5-7 |
| | § | |
| WALID MIZYED | § | (Chapter 7) |
| | § | |
| Debtor. | § | |

**TRUSTEE'S APPLICATION TO EMPLOY COUNSEL**

**TO THE HONORABLE KAREN K. BROWN, UNITED STATES BANKRUPTCY JUDGE:**

The Application of Allison D. Byman, Trustee, Applicant herein, respectfully represents:

1. On May 22, 2013, the Debtor filed for relief under Chapter 7.

2. Allison D. Byman was appointed as the Chapter 7 Trustee of the Debtor's estate.

3. Applicant, as Trustee, wishes to employ the law firm of Hughes Watters Askanase, L.L.P. (the "law firm") as attorneys for the Trustee, effective May 10, 2014. Steven Shurn shall act as lead counsel for the Trustee and Simon Mayer shall assist in the representation.

4. Applicant has determined to employ counsel in this case for, among other reasons, to assist in addressing certain state law fraudulent transfer claims that were pending in Louisiana at the time this bankruptcy proceeding was filed. Applicant seeks to employ the law firm to investigate the underlying claims, investigate and determine ownership of the claims, assist in the negotiation of the terms of employment for a special counsel licensed under Louisiana law to pursue such claims, to obtain this Court's approval of the hiring of such counsel, and to advise the special litigation counsel on bankruptcy related issues.

5. Applicant has selected the law firm for the reason that the law firm has had considerable experience in matters of this character and believes that the law firm is well

qualified to represent Applicant in this case and, as such, retention of the law firm is in the best interest of the estate.

6. Mr. Shurn has significant bankruptcy experience and is board certified in Business Bankruptcy Law by the Texas Board of Legal Specialization. Mr. Shurn's practice focuses on prosecuting and defending bankruptcy litigation, including Chapter 5 causes of action, representation of Chapter 7 and 11 Trustees, secured and unsecured creditors and reorganization and work outs for business and individuals with complex problems.

7. There are a number of firms in the Houston area in whom the Trustee would have the confidence to represent her in this case. However, based upon experience, expertise and other reasons set forth herein, Applicant considers Hughes Watters Askanase, L.L.P. among the best selection.

8. Applicant now requires the services of bankruptcy counsel to perform the duties of Trustee's counsel. Applicant proposes that the law firm of Hughes Watters Askanase, L.L.P. shall perform the following professional services, as applicable and necessary:

    a) to file pleadings with the Court and to represent the estate's interest in regard to any adversaries, appeals, or contested matters before this Court and litigation in other courts, particularly with regard to the estate's interest in various assets and the positions of secured and unsecured creditors, whether by motion, adversary action, turnover proceedings, or litigation activities of every description in other courts;

    b) to analyze, institute and prosecute actions regarding determination and recovery of property of the estate, or of entities owned in whole or in part by the estate, including investigation and prosecution of determination and lien perfection, avoidance litigation as well as collection and liquidation of assets of the estate, to the extent such activities would be economically beneficial to the estate;

    c) to assist the Trustee where necessary to negotiate and consummate non-routine sales of the assets of the estate, wherever they may be found, including sales free and clear of liens, claims and encumbrances, and to institute any necessary proceedings in regard thereto;

d) to institute and prosecute non-routine objections to exemptions and non-routine objections to proofs of claim;

e) to co-ordinate activities with the United States Trustee as appropriate in connection with issues of the integrity of the bankruptcy courts and procedures;

f) to aid in the representation of Applicant in any litigation against Applicant in Applicant's official capacity;

g) to render legal advice and assistance with regard to matters involving taxation of the estate;

h) to assist in resolution of title problems associated with the estate's property; and

i) to collect any judgments that may be entered in favor of the estate.

9. The law firm has not represented the Debtor prior to or during this bankruptcy case. The law firm has represented the Trustee in multiple other cases in which she has been appointed as a trustee. Except as disclosed below, to the best of Applicant's knowledge after diligent inquiry, the law firm has no connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except the following:

a) The law firm routinely represents Chapter 7, Chapter 11 and Liquidating Trustees, including but not limited to David Askanase, Allison Byman and Janet Northrup in their capacity as Chapter 7 Trustees.

b) The Debtor listed "Nationstar Mortgage" as a secured creditor with a lien on the Debtor's homestead. The Debtor's exemption of his homestead has been allowed. The law firm has represented and currently represents Nationstar Mortgage in foreclosure, bankruptcy and eviction matters unrelated to the Debtor's bankruptcy estate. The law firm in the past represented Nationstar Mortgage in matters related to consumer credit issues, but has not done so since 2010. Nationstar Mortgage was a co-defendant with the law firm in a litigation matters unrelated to the Debtor's bankruptcy estate. The law firm does not represent Nationstar Mortgage in this proceeding.

c) The Debtor listed "Allianceone" as an unsecured creditor. The law firm has represented in the past Alliance One, Inc. a/k/a Allianceone Receivable Management, Inc., in a bankruptcy adversary proceeding unrelated to the Debtor's bankruptcy estate, but has not done so since 2005. The law firm does

2838378

3

not represent Alliance One, Inc. a/k/a Allianceone Receivable Management, Inc. in this proceeding.

d) The Debtor listed "Asset Acceptance Llc" twice as an unsecured creditor. The law firm has represented in the past Asset Acceptance, LLC as defendants in bankruptcy adversary proceedings unrelated to the Debtor's bankruptcy estate and in litigation matters unrelated to the Debtor's bankruptcy estate, but has not done so since 2012. The law firm does not represent Asset Acceptance, LLC in this proceeding.

e) The Debtor listed "Capital 1 Bank" as an unsecured creditor. The Debtor's exemption of his vehicle has been allowed. The law firm has represented in the past clients adverse to Capital One GM Card, Capital One Bank, Capital One, and Capital One Services, Inc. in matters unrelated to the Debtor's bankruptcy estate. The law firm has represented in the past and currently represents clients who were co-defendants with Capital One Bank, Capital One Bank NA, and Capital One Services, Inc. in litigation matters unrelated to the Debtor's bankruptcy estate. The law firm has in the past represented clients adverse to Capital One in matters unrelated to the Debtor's bankruptcy estate, but has not done so since 2010. The law firm has represented in the past and currently represents Capital One, N.A. in creditor bank matters and foreclosure matters unrelated to the Debtor's bankruptcy estate. The law firm does not represent Capital One, N.A. in this proceeding.

f) The Debtor listed "Capital One Auto Finance" as a secured creditor with a lien on the Debtor's vehicle. The Debtor's exemption of his vehicle has been allowed. The law firm has represented in the past clients adverse to Capital One GM Card, Capital One Bank, Capital One, and Capital One Services, Inc. in matters unrelated to the Debtor's bankruptcy estate. The law firm has represented in the past and currently represents clients who were co-defendants with Capital One Bank, Capital One Bank NA, and Capital One Services, Inc. in litigation matters unrelated to the Debtor's bankruptcy estate. The law firm has in the past represented clients adverse to Capital One in matters unrelated to the Debtor's bankruptcy estate, but has not done so since 2010. The law firm has represented in the past and currently represents Capital One, N.A. in creditor bank matters and foreclosure matters unrelated to the Debtor's bankruptcy estate. The law firm does not represent Capital One, N.A. in this proceeding.

g) The Debtor listed "Chase" as an unsecured creditor. The law firm has represented in the past JPMorgan Chase Bank in contract disputes, bankruptcy and litigation matters unrelated to the Debtor's bankruptcy estate. The law firm has represented in the past and currently represents Chase Home Finance, Chase Home Finance, LLC, JP Morgan Chase & Co. and JPMorgan Chase Banking in foreclosure, bankruptcy, eviction, litigation and compliance matters unrelated to the Debtor's bankruptcy estate. The law firm has in the past represented Chase Bank of Texas, The Chase Manhattan Bank, Chase Financial Corp., and Chase Manhattan

        Mortgage Corp. in matters unrelated to the Debtor's bankruptcy estate, but has not done so since 2005.  The law firm has in the past represented clients in litigation matters unrelated to the Debtor's bankruptcy estate where JP Morgan Chase Bank Committee was the garnishor, but has not done so since 2004.  The law firm has represented in the past clients adverse to Chase Motors, Inc., Chase Bank of Texas, N.A., Chase Mortgage Corp., Chase, or Chase Bank of Texas, National Association in matters unrelated to the Debtor's' bankruptcy estate.  The law firm has in the past represented clients in matters unrelated to the Debtor's bankruptcy estate where Chase Manhattan Bank USA, NA, Chase Manhattan Bank of Canada, JP Morgan Chase Bank, Chase Manhattan Mortgage Corp., Chase Automotive Finance, or Chase Credit Research was a co-defendant, but has not done so since 2003.  The law firm has in the past represented and currently represents clients in loan servicing matters unrelated to the Debtor's bankruptcy estate in which JPMorgan Chase, Trustee is the indenture trustee.  The law firm currently represents itself in a litigation matter unrelated to the Debtor's bankruptcy estate, where JPMorgan Chase Bank is a co-defendant.  The law firm does not represent any Chase entities in this proceeding.

h)     The Debtor listed "Discovery Fin" and "Discover Fin Svcs Llc" as unsecured creditors.  The law firm has in the past represented Discover Financial Services in litigation matters unrelated to the Debtor's bankruptcy estate but has not done so since 2011.  The law firm has represented in the past clients in litigation matters unrelated to the Debtor's bankruptcy estate in which Discover Financial Services was a co-defendant, but has not done so since 2009.  The law firm has represented in the past clients adverse to Discover in bankruptcy matters unrelated to the Debtor's bankruptcy estate, but has not done so since 1998.

i)     The Debtor listed "State Farm Insurance" as an unsecured creditor.  The law firm has represented in the past State Farm Fire & Casualty in matters unrelated to the Debtor's bankruptcy estate, but has not done so since 1996.  The law firm has represented in the past insurers of State Farm and State Farm Insurance Co. on matters unrelated to the Debtor's bankruptcy estate, but has not done so since 2000.  The law firm has represented in the past insurers and clients adverse to State Farm, State Farm Insurance and State Farm Mutual Insurance on matters unrelated to the Debtor's bankruptcy estate, but has not done so since January of 2011.  The law firm has represented in the past clients in insurance claim matters unrelated to the Debtor's bankruptcy estate in which State Farm is listed as an interested party.  The law firm has represented in the past and currently represents clients in real estate transactions unrelated to the Debtor's bankruptcy estate, where State Farm Life Ins. Co. is the lender.

Thus, while connections may exist, the law firm submits that none of these connections rise to the level of a conflict.

2838378

10. The law firm represents no interest adverse to Applicant as Trustee or the estate and the law firm's employment is necessary and is in the best interest of the estate.

11. The law firm is a "disinterested person" within the meaning of 11 U.S.C. 101(14).

12. In the event the Applicant desires for the law firm to render any other services to her and the estate, she will make further application.

13. Applicant certifies that the law firm is not being employed to perform duties required to be performed by the Trustee. The Applicant has informed the law firm that if Trustee duties are performed, the law firm may not be compensated by the bankruptcy estate.

14. The law firm is being employed at the regular hourly rates of the attorneys who will represent the Trustee, which is the same hourly rate as the firm charges for such attorneys in other non-bankruptcy matters. Steven Shurn's hourly rate is $385.00 and Simon Mayer's hourly rate is $225.00. Reimbursable expenses will be charged at the amounts incurred and no higher than the rates allowed by the Bankruptcy Local Rules of the Southern District of Texas. Applicant certifies that no payment will be made to the law firm except on an order of this Court approving the fees and expenses incurred by the law firm.

**WHEREFORE**, Applicant prays that Applicant be authorized to employ and appoint, effective May 10, 2014 the law firm of Hughes Watters Askanase, L.L.P. to represent Applicant generally as Trustee in this case under Chapter 7 of the Bankruptcy Code and that Applicant have such other and further relief as is just.

DATE:  June 4, 2014

                                  Respectfully submitted,

By:   */s/ Allison D. Byman*
       Allison D. Byman Trustee
       SBN 24040773
       Three Allen Center
       333 Clay, 29th Floor
       Houston, Texas 77002
       (713) 759-0818 Telephone
       (713) 759-6834 Facsimile
       abyman@hwa.com

## CERTIFICATE OF SERVICE

Pursuant to BLR 2014 and 9003, I hereby certify that a true and correct copy of the foregoing *Trustee's Application to Employ Counsel* was served by first class U.S. Mail, postage prepaid on June 4, 2014 to:

**U.S. Trustee:**
Office of the U.S. Trustee
515 Rusk Ave., Suite 3516
Houston, TX 770002

                                  */s/ Allison D. Byman*
                                     Allison D. Byman

2838378