IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 13-33114-H5-7 |
| | § | |
| WALID MIZYED | § | (Chapter 7) |
| | § | |
| Debtor. | § | |

## AFFIDAVIT OF PROPOSED ATTORNEY[1]

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Before me the undersigned Notary Public personally appeared Simon R. Mayer, an attorney personally known to me. Being sworn on his oath, he stated the following:

"My name is Simon R. Mayer. I am a licensed attorney and a professional employee of the law firm of HughesWattersAskanase, LLP, proposed Attorneys for the Trustee of the above entitled and numbered bankruptcy estate.

"The professional employees of the law firm are attorneys duly admitted to practice in the State of Texas, and before the Courts of the Southern District of Texas and/or all other relevant courts and agencies. The law firm includes attorneys with significant experience and expertise in matters which are likely to be needed in the proposed representation of the Chapter 7 Trustee.

"The law firm has a process to check for conflicts of interest and other conflicts and connections with respect to the Debtor's bankruptcy case. The law firm maintains a database containing the names of current, former, and potential clients. The law firm has a department that researches and analyzes potential conflict of interest and conflict issues.

---

[1] Filing party has the original signed documents in their files for review upon request.

**EXHIBIT "A"**

"The law firm reviewed and analyzed the names of each of the creditors identified by the Debtor, the Debtor and the parties in interest listed in the Debtor's schedules and statement of financial affairs to determine if any conflict of interest or other connection existed.

"Based on the conflicts search conducted to date and described herein, to the best of my knowledge, after reasonable inquiry, except as disclosed below, this firm has no connection with the Debtor, his creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, except the following:

   a)   The law firm routinely represents Chapter 7, Chapter 11 and Liquidating Trustees, including but not limited to David Askanase, Allison Byman and Janet Northrup in their capacity as Chapter 7 Trustees.

   b)   The Debtor listed "Nationstar Mortgage" as a secured creditor with a lien on the Debtor's homestead. The Debtor's exemption of his homestead has been allowed. The law firm has represented and currently represents Nationstar Mortgage in foreclosure, bankruptcy and eviction matters unrelated to the Debtor's bankruptcy estate. The law firm in the past represented Nationstar Mortgage in matters related to consumer credit issues, but has not done so since 2010. Nationstar Mortgage was a co-defendant with the law firm in a litigation matters unrelated to the Debtor's bankruptcy estate. The law firm does not represent Nationstar Mortgage in this proceeding.

   c)   The Debtor listed "Allianceone" as an unsecured creditor. The law firm has represented in the past Alliance One, Inc. a/k/a Allianceone Receivable Management, Inc., in a bankruptcy adversary proceeding unrelated to the Debtor's bankruptcy estate, but has not done so since 2005. The law firm does not represent Alliance One, Inc. a/k/a Allianceone Receivable Management, Inc. in this proceeding.

   d)   The Debtor listed "Asset Acceptance Llc" twice as an unsecured creditor. The law firm has represented in the past Asset Acceptance, LLC as defendants in bankruptcy adversary proceedings unrelated to the Debtor's bankruptcy estate and in litigation matters unrelated to the Debtor's bankruptcy estate, but has not done so since 2012. The law firm does not represent Asset Acceptance, LLC in this proceeding.

   e)   The Debtor listed "Capital 1 Bank" as an unsecured creditor. The Debtor's exemption of his vehicle has been allowed. The law firm has represented in the

        past clients adverse to Capital One GM Card, Capital One Bank, Capital One, and Capital One Services, Inc. in matters unrelated to the Debtor's bankruptcy estate. The law firm has represented in the past and currently represents clients who were co-defendants with Capital One Bank, Capital One Bank NA, and Capital One Services, Inc. in litigation matters unrelated to the Debtor's bankruptcy estate. The law firm has in the past represented clients adverse to Capital One in matters unrelated to the Debtor's bankruptcy estate, but has not done so since 2010. The law firm has represented in the past and currently represents Capital One, N.A. in creditor bank matters and foreclosure matters unrelated to the Debtor's bankruptcy estate. The law firm does not represent Capital One, N.A. in this proceeding.

f)        The Debtor listed "Capital One Auto Finance" as a secured creditor with a lien on the Debtor's vehicle. The Debtor's exemption of his vehicle has been allowed. The law firm has represented in the past clients adverse to Capital One GM Card, Capital One Bank, Capital One, and Capital One Services, Inc. in matters unrelated to the Debtor's bankruptcy estate. The law firm has represented in the past and currently represents clients who were co-defendants with Capital One Bank, Capital One Bank NA, and Capital One Services, Inc. in litigation matters unrelated to the Debtor's bankruptcy estate. The law firm has in the past represented clients adverse to Capital One in matters unrelated to the Debtor's bankruptcy estate, but has not done so since 2010. The law firm has represented in the past and currently represents Capital One, N.A. in creditor bank matters and foreclosure matters unrelated to the Debtor's bankruptcy estate. The law firm does not represent Capital One, N.A. in this proceeding.

g)        The Debtor listed "Chase" as an unsecured creditor. The law firm has represented in the past JPMorgan Chase Bank in contract disputes, bankruptcy and litigation matters unrelated to the Debtor's bankruptcy estate. The law firm has represented in the past and currently represents Chase Home Finance, Chase Home Finance, LLC, JP Morgan Chase & Co. and JPMorgan Chase Banking in foreclosure, bankruptcy, eviction, litigation and compliance matters unrelated to the Debtor's bankruptcy estate. The law firm has in the past represented Chase Bank of Texas, The Chase Manhattan Bank, Chase Financial Corp., and Chase Manhattan Mortgage Corp. in matters unrelated to the Debtor's bankruptcy estate, but has not done so since 2005. The law firm has in the past represented clients in litigation matters unrelated to the Debtor's bankruptcy estate where JP Morgan Chase Bank Committee was the garnishor, but has not done so since 2004. The law firm has represented in the past clients adverse to Chase Motors, Inc., Chase Bank of Texas, N.A., Chase Mortgage Corp., Chase, or Chase Bank of Texas, National Association in matters unrelated to the Debtor's' bankruptcy estate. The law firm has in the past represented clients in matters unrelated to the Debtor's bankruptcy estate where Chase Manhattan Bank USA, NA, Chase Manhattan Bank of Canada, JP Morgan Chase Bank, Chase Manhattan Mortgage Corp., Chase Automotive Finance, or Chase Credit Research was a co-defendant, but has not done so since 2003. The law firm has in the past represented and currently

      represents clients in loan servicing matters unrelated to the Debtor's bankruptcy estate in which JPMorgan Chase, Trustee is the indenture trustee. The law firm currently represents itself in a litigation matter unrelated to the Debtor's bankruptcy estate, where JPMorgan Chase Bank is a co-defendant. The law firm does not represent any Chase entities in this proceeding.

h)       The Debtor listed "Discovery Fin" and "Discover Fin Svcs Llc" as unsecured creditors. The law firm has in the past represented Discover Financial Services in litigation matters unrelated to the Debtor's bankruptcy estate but has not done so since 2011. The law firm has represented in the past clients in litigation matters unrelated to the Debtor's bankruptcy estate in which Discover Financial Services was a co-defendant, but has not done so since 2009. The law firm has represented in the past clients adverse to Discover in bankruptcy matters unrelated to the Debtor's bankruptcy estate, but has not done so since 1998.

i)       The Debtor listed "State Farm Insurance" as an unsecured creditor. The law firm has represented in the past State Farm Fire & Casualty in matters unrelated to the Debtor's bankruptcy estate, but has not done so since 1996. The law firm has represented in the past insurers of State Farm and State Farm Insurance Co. on matters unrelated to the Debtor's bankruptcy estate, but has not done so since 2000. The law firm has represented in the past insurers and clients adverse to State Farm, State Farm Insurance and State Farm Mutual Insurance on matters unrelated to the Debtor's bankruptcy estate, but has not done so since January of 2011. The law firm has represented in the past clients in insurance claim matters unrelated to the Debtor's bankruptcy estate in which State Farm is listed as an interested party. The law firm has represented in the past and currently represents clients in real estate transactions unrelated to the Debtor's bankruptcy estate, where State Farm Life Ins. Co. is the lender.

Thus, while connections may exist, it is respectfully submitted that such connections do not rise to the level of a conflict.

      "This firm holds or represents no interest adverse to the Trustee or the estate. If during the representation of the Trustee a conflict does arise, the law firm will immediately disclose such conflict to the Trustee and the Court, and take all necessary steps to have non-conflicted counsel to represent the Trustee on such matters.

      "I submit that this firm is a "disinterested person" within the meaning of 11 U.S.C. 101(14) and that this firm's employment is necessary and would be in the best interest in this estate.

"The firm is being employed on a general hourly retainer agreement, with the attorneys to be paid (upon approval by the Bankruptcy Court of its applications for compensation) at the regular hourly rates of the attorneys and paraprofessionals performing services for the Trustee. Steven Shurn shall act as lead counsel for the Trustee. Steven Shurn's rate is $385.00 per hour. My rate is $225.00 per hour. Other attorneys' rates range from $175.00 to $450.00 per hour. The firm's general procedure is to assign tasks to the attorney with the lowest hourly rates, commensurate with the best of their skills and abilities. Law clerks' hourly rates are $90.00. Paraprofessionals' hourly rates range from $60.00 to $150.00. I have advised Trustee Byman that the law firm evaluates its rates periodically (typically, annually) and raises or lowers various rates to reflect market conditions. Expenses are charged at the cost incurred by the firm.

"Further your affiant saith naught.

By  /s/ *Simon R. Mayer**  
Simon R. Mayer, Affiant  
SBOT # 24060243

**SUBSCRIBED AND SWORN TO BEFORE ME**, the undersigned authority this 4th day of June, 2014.

 */s/ David Eugene Kokenes**  
Notary Public in and for the State of Texas

  David Eugene Kokenes  
Printed Name of Notary

My Commission Expires:  July 13, 2016

* *Filing party has the original signed and notarized document in their files for review upon request.*